UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 06-056 (JRT) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER DENYING § 2255 MOTION** |
| LEVI AKAI LIVINGSTONE, | |
| Defendant. | |

Thomas M. Hollenhorst, Assistant United States Attorney, **OFFICE OF THE UNITED STATES ATTORNEY**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for plaintiff.

Levi Akai Livingstone, Reg. No. 12673-041, FCI Pekin, P.O. Box 5000, Pekin, IL 61555-5000, *pro se*.

On May 4, 2007 a jury convicted Levi Livingstone ("Livingstone") of conspiring to distribute, and distributing, methamphetamine. The court sentenced Livingstone to 216 months imprisonment on each count, to be served concurrently. This motion is before the Court on defendant's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Livingstone argues that he received ineffective assistance of counsel. Because Livingstone fails to show that his attorney's performance fell below an objective standard of reasonableness and that he was prejudiced as a result of his attorney's performance, Livingstone's motion is denied.[1]

---

[1] The Court finds that an evidentiary hearing on this motion is unnecessary because "the motion and the files and records of the case conclusively show that [Livingstone] is entitled to no

(Footnote continued on next page.)

## BACKGROUND[2]

Livingstone was indicted on February 22, 2006 on two counts of distribution of methamphetamine. (Docket No. 9.) He was charged in a superseding indictment on February 5, 2007 which added a count of conspiracy to distribute and possess with intent to distribute methamphetamine. (Docket No. 36.) On April 16, 2007 Livingstone was charged in a second superseding indictment which included four counts – a conspiracy count and three separate distribution counts. (Docket No. 51.)

On February 21, 2006 Larry E. Reed began his representation of Livingstone. According to Reed, Livingstone rejected the possibility of entering a plea of guilty. (Reed Aff. ¶ 5, Docket No. 124.) Reed asserts that he repeatedly questioned Livingstone's decision to go to trial. (*Id.* at ¶ 7.) Because Reed was concerned about Livingstone's decision to proceed to trial, Reed had Livingstone sign a document indicating that his desire to proceed to trial was his own despite the advice of counsel. (Instruction to Proceed to Trial, Reed Aff. Attach. C.)

On May 4, 2007, Livingstone was found guilty of one count of conspiring to distribute 50 grams or more of actual methamphetamine and 500 grams or more of a

---

(Footnote continued.)

relief." 28 U.S.C. § 2255 (b). As set forth below, all of Livingstone's allegations either are (1) insufficient to entitle him to relief, even if accepted as true; or (2) "contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995).

[2] The Court repeats the facts here only to the extent necessary to resolve Livingstone's § 2255 motion.

mixture or substance containing a detectable amount of methamphetamine, *see* 21 U.S.C. §§ 841(b)(1)(A)(viii), 846, as well as three counts of distributing methamphetamine, *see* 21 U.S.C. § 841(a)(1).  (Jury Verdict, Crim. No. 06-056, Docket No. 77.)  The Court sentenced Livingstone to 216 months imprisonment on each count to be served concurrently, five years of supervised release, and $400 in special assessments.  (Docket No. 89.)

Livingstone appealed his conviction on the conspiracy count, asserting that the district court erred by denying his motions for a bill of particulars and by failing to order the government to disclose information obtained during pretrial interviews of various co-conspirators.  *See United States v. Livingstone*, 576 F.3d 881 (8th Cir. 2009), *cert. denied*, 130 S. Ct. 1032 (2009).   The Eighth Circuit affirmed Livingstone's conviction and sentence on August 20, 2009 finding that the district court did not err in denying Livingstone's motion for a bill of particulars, and also finding that there was no error in denying Livingstone's request for the prosecutor's interview notes with defendant's alleged conspirators.  *Id.* at 884.

Livingstone now asks the Court to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 because he was deprived of constitutionally adequate assistance of counsel.  (Docket No. 118.)

**ANALYSIS**

**I.    STANDARD OF REVIEW**

A prisoner may file a motion to vacate, set aside, or correct a sentence imposed by a federal district court if "the sentence was imposed in violation of the Constitution or laws of the United States, . . . the court was without jurisdiction to impose such sentence, . . . the sentence was in excess of the maximum authorized by law, or [the sentence] is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996). A movant may not raise constitutional issues for the first time on collateral review without establishing both cause for the procedural default and actual prejudice resulting from the error. *Apfel*, 97 F.3d at 1076. A movant faces a heavy burden in establishing ineffective assistance of counsel within the context of section 2255. *Id.*

To support a claim of constitutionally ineffective assistance of counsel, a defendant must demonstrate that his counsel's performance was deficient and that he was prejudiced by the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the first prong of *Strickland*, a defendant must show that counsel's performance "fell below an objective standard of reasonableness in that counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would use under like circumstances." *United States v. Acty*, 77 F.3d 1054, 1059 (8th Cir. 1996) (internal quotation marks omitted). The "court must indulge a strong presumption that

counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. It is presumed that counsel acted reasonably, and much deference is granted to counsel's performance. *Burkhalter v. United States*, 203 F.3d 1096, 1098 (8th Cir. 2000).

To satisfy the second prong of *Strickland*, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. Statements that are self-serving and unsupported by evidence do not establish a basis for relief . *Apfel*, 97 F.3d at 1076–77.

## II.   MOTION TO VACATE

Livingstone contends that his counsel was ineffective by leading Livingstone to believe that "he had a good chance at being acquitted if he proceeded to trial." (Mem. in Supp. of Def's . § 2255 Mot. at 5, Docket No. 119.)  Specifically, Livingstone argues that he would have pleaded guilty if he would have been properly advised by counsel. (*Id.* at 11.)

Livingstone asserts that after having an opportunity to review the evidence available, Reed told Livingstone that he predicted a favorable outcome from a trial. (Def's Aff. ¶¶ 4–8, Docket No. 120.)  Livingstone contends that his decision to proceed to trial was based on an inaccurate assessment of his chances at prevailing if the case proceeded to trial.  Further, Livingstone asserts that he made an uninformed decision to

go to trial and as a result he did not receive the sentencing reduction he claims he would have received if he plead guilty.

The only evidence Livingstone provides supporting his assertion that Reed's conduct was unreasonable is a self-serving affidavit which is insufficient to overcome the strong presumption of counsel's professional competence. *See Apfel*, 97 F.3d at 1076–77. Livingstone's signature on the "Instruction to Proceed to Trial" is additionally a strong indication that Reed's representation did not fall below any measure of reasonableness. Reed's performance falls within the wide range of professionally reasonable assistance required by *Strickland*.

Even assuming that Reed advised Livingstone to go to trial, Livingstone's claim fails because he cannot establish prejudice. In addressing the prejudice prong of the *Strickland* test the Court recognizes that a defendant, after rejecting the proposed plea bargain and receiving a fair trial, may still show prejudice if the plea-bargain agreement would have resulted in a lesser sentence. *Engelen v. U.S.*, 68 F.3d 238, 241 (8th Cir. 1995). To establish prejudice, however, the defendant must show that **but for** his counsel's advice he would have accepted the plea. *Id*.

There is nothing in the record suggesting that Livingstone had an inclination to plead guilty to any of the charges against him in this case. *See id.* (defendant's ineffective assistance of counsel claim based on allegedly defective advice about a plea agreement was properly dismissed where "[t]he record is completely barren of any evidence that [the defendant] would have acknowledged his guilt prior to trial."). Reed asserts that Livingstone believed that none of the witnesses would testify against him, and

for that reason he decided to go to trial.  (Reed Aff. ¶ 8.)  Further, Reed claims that even after the superseding indictment was filed, Livingstone still insisted that he go to trial because he believed none of the witnesses would testify against him.  (*Id.*)  Livingstone asserted his innocence by signing a document stating that he wished to continue to trial.  Without evidence of Livingstone's alleged desire to plead guilty there is no way of showing that Livingstone acknowledged his guilt prior to trial.  The Court concludes that Livingstone's assertions that he would have accepted the government's plea offer but for trial counsel's erroneous advice is not supported, and largely contradicted, by the record.  *See Engelen*, 68 F.3d at 241.  Thus, the Court concludes that Livingstone has not shown that he received ineffective assistance of counsel.

## III.   CERTIFICATE OF APPEALABILITY

The Court may grant a Certificate of Appealability only where the movant has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253 (c)(2); *Tiedeman v. Benson*, 122 F.3d 518, 523 (8th Cir. 1997).  To make such a showing, the issues must be debatable among reasonable jurists, a court must be able to resolve the issues differently, or the case must deserve further proceedings.  *See Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994).  For purposes of appeal under 28 U.S.C. § 2253, the Court finds it unlikely that reasonable jurists would find the issues raised in Livingstone's § 2255 motion debatable, or that some other court would decide this § 2255 motion differently.  The Court therefore declines to grant a Certificate of Appealability.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Livingstone's Motion to Vacate Under 28 U.S.C. § 2255 [Docket No. 118] is **DENIED.**

2. The Court does not certify for appeal under 28 U.S.C. § 2253(c)(1)(B) the issues raised in defendant's motion.

DATED: April 14, 2011　　　　　　　　　　　_____s/ John R. Tunheim_____
at Minneapolis, Minnesota.　　　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　　　United States District Judge