UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 06-56 (JRT/AJB) |
| Plaintiff, | |
| v. | **ORDER** |
| LEVI AKAI LIVINGSTONE, | |
| Defendant. | |

Thomas M. Hollenhorst, Assistant United States Attorney, **UNITED STATES ATTORNEY'S OFFICE**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for plaintiff.

Levi Akai Livingstone, Reg. No. 12673-041, United States Penitentiary Atlanta, Post Office Box 150160, Atlanta, GA 30315, *pro se*.

In 2007, a jury found Levi Akai Livingstone guilty of distribution of methamphetamine and conspiracy to distribute methamphetamine. This Court sentenced Livingstone to a 216-month sentence, and the Eighth Circuit affirmed. *See United States v. Livingstone*, 576 F.2d 881 (8th Cir. 2009). Livingstone previously filed a 28 U.S.C. § 2255 motion, arguing that he received ineffective assistance of counsel. This Court denied Livingstone's motion and declined to grant a certificate of appealability. (Order, Apr. 14, 2011, Docket No. 127.) The Eighth Circuit also declined to issue a certificate of appealability. (Judgment, June 2, 2011, Docket No. 130.) Livingstone then brought a motion for relief under Federal Rule of Civil Procedure 60(b). Livingstone argued that he was entitled to relief from the Court's denial of his § 2255 motion in light of the

Supreme Court's recent holdings in *Lafler v. Cooper*, 132 S. Ct. 1376 (2012), and *Missouri v. Frye*, 132 S. Ct. 1399 (2012). The Court denied Livingstone's motion because it determined the motion was actually a second or successive attempt at habeas relief. (Order, July 8, 2013, Docket No. 137). *See Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002) (per curiam) (holding if a petitioner's motion is a second or successive habeas petition, the court must dismiss it or transfer the motion to the Court of Appeals). Livingstone now brings another motion for relief under Rule 60.

A proper post-habeas petition request under Rule 60(b) must challenge "not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005). A request that the court reconsider the merits of the original habeas petition in light of new case law is not permitted under Rule 60(b) because the motion fails to allege any defect in the integrity of the previous habeas proceeding. *Id.* at 530–31.

Livingstone again contends, as he did in his previous two motions, that he was deprived of constitutionally adequate assistance of counsel at the plea stage. Although Livingstone alleges a defect at the plea stage, **he does not allege a defect in the previous federal habeas proceeding** – rather, he again attacks the "federal court's previous resolution of the claim on the merits." *Ward v. Norris*, 577 F.3d 925, 933 (8th Cir. 2009) (quoting *Gonzalez*, 545 U.S. at 530). Livingstone's Rule 60(b) motion is a successive

habeas corpus petition. The Court must, therefore, dismiss the motion because it was not authorized by the Eighth Circuit. A certificate of appealability will also be denied.[1]

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Livingstone Pro Se Motion Pursuant to Rule 60(b)(5) and (6) [Docket No. 138] is **DENIED**.

2. The Court does not certify for appeal under 28 U.S.C. § 2253(c)(1)(B) the issues raised in Livingstone's motion.

DATED: October 4, 2013
at Minneapolis, Minnesota.

                                      s/ John R. Tunheim
                                      JOHN R. TUNHEIM
                                    United States District Judge

---

[1] Livingstone's arguments are the same as in his previous Rule 60 motion and do not present a new claim for relief. Consequently, the Court will not transfer the Rule 60(b) motion to the Court of Appeals. *See Boyd*, 304 F.3d at 814. The Court will also deny a certificate of appealability because Livingstone has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Copeland v. Washington*, 232 F.3d 969, 977 (8th Cir. 2000).