## UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 06-56 (JRT) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND** |
| | **ORDER DENYING DEFENDANT'S** |
| LEVI AKAI LIVINGSTONE, | **RULE 60(b) MOTION** |
| Defendant. | |

---

Thomas M. Hollenhorst, Assistant United States Attorney, **UNITED STATES ATTORNEY'S OFFICE**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for plaintiff.

Levi Akai Livingstone, Reg. No. 12673-041, United States Penitentiary – Atlanta, Post Office Box 150160, Atlanta, GA 30315, *pro se*.

On April 14, 2011, the Court denied federal prisoner Levi Akai Livingstone's petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Livingstone now brings his third motion pursuant to Federal Rule of Civil Procedure 60(b) seeking relief from that judgment on the basis that the Court erred in declining to hold an evidentiary hearing before deciding the ineffective assistance of counsel claim raised in his § 2255 petition. Because Livingstone's present Rule 60(b) motion raises arguments which are inextricably intertwined with the Court's determination of the merits of his § 2255 claim, it is a second or successive habeas petition for which Livingstone has not sought permission to file from the Eighth Circuit, and the Court will therefore deny the motion.

**BACKGROUND**

On May 4, 2007, a jury convicted Livingstone of distribution of methamphetamine and conspiracy to distribute methamphetamine.  (Jury Verdict, May 4, 2007, Docket No. 77.)  On September 29, 2008, the Court sentenced Livingstone to 216 months of imprisonment on each count, to be served concurrently.  (Minute Entry, Sept. 29, 2008, Docket No. 87; Sentencing J. at 1-2, Oct. 8, 2008, Docket No. 89.)[1]  The Eighth Circuit affirmed Livingstone's conviction, *United States v. Livingstone*, 576 F.3d 881 (8th Cir. 2009), and the United States Supreme Court denied his petition for a writ of certiorari on December 14, 2009, *Livingstone v. United States*, 130 S. Ct. 1032 (2009).

**I.    2255 PETITION**

On May 24, 2010, Livingstone brought a *pro se* petition to vacate his sentence under 28 U.S.C. § 2255, arguing that his sentence was invalid because he received ineffective assistance of counsel "during the pretrial phase of his federal criminal prosecution."  (Pro Se Mot. to Vacate at 1, May 24, 2010, Docket No. 118; *see also* Mem. in Supp. of Mot. to Vacate, May 24, 2010, Docket No. 119.)  Specifically, Livingstone argued that his counsel – Larry Reed – was ineffective because he made "a woefully inaccurate assessment of his chances at prevailing if the case proceeded to trial," and that "[u]ltimately, [Livingstone] made an uninformed decision to go to trial

---

[1]  Page numbers refer to the CMECF pagination unless otherwise noted.

rather than pleading guilty in a timely manner and receiving a 3-level reduction for accepting responsibility." (Mem. in Supp. of Mot. to Vacate at 5-6.)

On April 14, 2011, the Court denied Livingstone's § 2255 petition. (Order, April 14, 2011, Docket No. 127.) The Court began by concluding that Livingstone had failed to demonstrate that Reed's conduct fell below an objective standard of reasonableness because the record showed that Reed, "concerned about Livingstone's decision to proceed to trial, . . . had Livingstone sign a document indicating that his desire to proceed to trial was his own." (*Id.* at 2 (citing Resp. to Mot. to Vacate, Ex. 1 (Aff. of Larry Reed) at 10, July 7, 2010, Docket No. 124).) The Court also noted that "[t]he only evidence Livingstone provides supporting his assertion that Reed's conduct was unreasonable is a self-serving affidavit which is insufficient to overcome the strong presumption of counsel's professional competence." (*Id.* at 6.)

The Court went on to conclude that even if Reed's conduct in failing to accurately assess Livingstone's chances of prevailing at trial fell below an objective standard of reasonableness, Livingstone's claim for ineffective assistance of counsel failed because he had not demonstrated prejudice. (*Id.*) The Court explained that to establish prejudice, Livingstone was required to "show that **but for** his counsel's advice he would have accepted the plea." (*Id.* (emphasis in original).) But the Court found that "[t]here is nothing in the record suggesting that Livingstone had an inclination to plead guilty to any of the charges against him in this case." (*Id.*) Specifically the Court noted that Livingstone had signed a document stating that he wished to go to trial, and that in an affidavit submitted to the Court, Reed asserted that Livingstone "believed that none of the

witnesses would testify against him" and therefore decided to go to trial. (*Id.* at 6-7.) As for Livingstone's own affidavit submitted in connection with his § 2255 petition, the Court concluded that "Livingstone's assertions that he would have accepted the government's plea offer but for trial counsel's erroneous advice is not supported, and largely contradicted, by the record," and therefore determined that Livingstone had not demonstrated that he received ineffective assistance of counsel. (*Id.* at 7.)

With respect to Livingstone's entitlement to an evidentiary hearing, the Court found "that an evidentiary hearing on this motion is unnecessary because 'the motion and the files and records of the case conclusively show that [Livingstone] is entitled to no relief.'" (*Id.* at 1 n.1 (alteration in original) (quoting 28 U.S.C. § 2255(b).)  The Court noted that "all of Livingstone's allegations either are (1) insufficient to entitle him to relief, even if accepted as true; or (2) 'contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" (*Id.* (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995).)

Livingstone appealed the Court's denial of his § 2255 petition and requested a certificate of appealability.  (Pro Se Notice of Appeal, May 6, 2011, Docket No. 128.) The Eighth Circuit denied his application for a certificate of appealability and dismissed the appeal.  (J. of USCA, June 2, 2011, Docket No. 130.)

## II.    RULE 60(b) MOTIONS

On December 17, 2012, Livingstone brought a motion to reopen pursuant to Federal Rule of Civil Procedure 60(b)(5) and (6).  (Pro Se Mot. to Reopen, Dec. 17,

2012, Docket No. 132.)  In that motion, Livingstone sought reconsideration of his § 2255 petition in light of the Supreme Court's decisions in *Lafler v. Cooper*, 132 S. Ct. 1376 (2012) and *Missouri v. Frye*, 132 S. Ct. 1399 (2012) and argued that under the reasoning of these cases he received ineffective assistance of counsel when Reed failed to inform him of the benefits of accepting a plea.  (*See id.* at 2-3.)

The Court denied this motion, finding that although labeled as a Rule 60(b) motion it was actually "a second or successive attempt at habeas relief" because Livingstone attacked the Court's resolution of his ineffective assistance of counsel claim on the merits rather than alleging "a defect in the previous proceeding."  (Order at 2, July 8, 2013, Docket No. 137.)  Therefore, the Court denied the motion as inappropriately brought without prior authorization of the Eighth Circuit.  (*Id.* at 2-3.)

Livingstone then brought another motion pursuant to Rule 60(b)(5) and (6), arguing that the "intervening change in controlling law" warranted Rule 60(b) relief and that there was "a defect in the integrity of the process" because the Court had failed to find that Reed was not ineffective when he failed to alert Livingstone to his right to plead guilty.  (Pro Se Mot. Pursuant to Rule 60(b) at 1-2, Aug. 9, 2013, Docket No. 138.)  The Court denied the motion finding that "Livingstone again contends, as he did in his previous two motions, that he was deprived of constitutionally adequate assistance of counsel at the plea stage" and that although this alleged a defect in the plea stage, it failed to allege a defect in the previous habeas proceeding.  (Order at 2, Oct. 4, 2013, Docket No. 139.)  Accordingly, the Court dismissed Livingstone's motion as an improper second or successive habeas petition.  (*Id.* at 2-3.)  Livingstone appealed from that order (Notice

of Appeal, Nov. 8, 2013, Docket No. 140; Pro Se Mot. for Certificate of Appealability, Nov. 8, 2013, Docket No. 141), and the Eighth Circuit summarily affirmed (J. of USCA, Dec. 30, 2013, Docket No. 145).

## III.   PRESENT MOTION

Livingstone has now brought a third motion labeled as a Rule 60(b) motion. (Pro Se Mot. for Relief from J. ("Rule 60(b) Motion"), Jan. 31, 2014, Docket No. 147.) In this motion, Livingstone seeks relief from the Court's original Order denying his § 2255 petition, as well as the October 4, 2013 Order denying his second Rule 60(b) motion as second or successive.  (*Id.* at 1.)  Livingstone argues that a defect occurred with respect to the original Order because "the court denied Livingston[e] relief, where the record was not complete, and a[n] evidentiary hearing was necessary to resolve conflicting affidavits," and that the Court erred in "credit[ing] attorney Reed's affidavit over Livingston[e]."  (*Id.* at 10-11.)   With respect to the October 4, 2013 Order, Livingstone argues that Rule 60(b) relief is warranted because the Court failed to afford Livingstone a liberal construction of his *pro se* pleadings when it found that his Rule 60(b) motion was actually a second or successive habeas petition.  (*Id.* at 4, 12-13.)

## ANALYSIS

Federal prisoners are barred from filing a second or successive § 2255 petition unless the prisoner has been granted preauthorization from the appropriate United States Court of Appeals.  28 U.S.C. § 2255(h); *see also* 28 U.S.C. § 2244(b)(3).  When a prisoner files a Rule 60(b) motion following the denial of his § 2255 petition, the Court

"conducts a brief initial inquiry to determine whether the allegations in the Rule 60(b) motion in fact amount to a second or successive collateral attack under" § 2255. *Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002). If the initial inquiry reveals that the Rule 60(b) motion is actually a second or successive petition, the Court will dismiss the motion for failure to obtain prior authorization from the Eighth Circuit or, in its discretion, transfer the motion to the Court of Appeals. *Id.* A Rule 60(b) motion "that seeks to add a new ground for relief" or "attacks the federal court's previous resolution of a claim on the merits" is a second or successive habeas petition subject to dismissal. *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005). "'On the merits' refers 'to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief . . . .'" *Ward v. Norris*, 577 F.3d 925, 933 (8th Cir. 2009) (quoting *Gonzalez*, 545 U.S. at 532 n.4). A Rule 60(b) motion is not, however, a second or successive petition and may be considered on the merits where the motion "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Gonzalez*, 545 U.S. at 532; *see also United States v. Hernandes*, 708 F.3d 680, 681 (5th Cir. 2013) ("[W]here a Rule 60(b) motion advances one or more substantive claims, as opposed to a merely procedural claim, the motion should be construed as a successive § 2255 motion."). To demonstrate a defect in the habeas proceedings a petitioner "must point to something that happened during that proceeding that rendered its outcome suspect." *United States v. Buenrostro*, 638 F.3d 720, 722 (9th Cir. 2011).

Here Livingstone challenges the Court's denial of his § 2255 petition on the basis that the Court failed to conduct an evidentiary hearing and instead "credited attorney Reed's affidavit over Livingston[e's]." (Rule 60(b) Motion at 10.)  Although the Eighth Circuit has not expressly addressed the issue of whether the lack of an evidentiary hearing in a habeas proceeding can be challenged in a Rule 60(b) motion, numerous courts from other jurisdiction have concluded that a claim such as Livingstone's, which is based on the district court's failure to conduct an evidentiary hearing prior to denying a § 2255 petition, is not a proper Rule 60(b) motion, and constitutes a second or successive petition.  *See, e.g.*, *United States v. Washington*, 653 F.3d 1057, 1064-65 (9th Cir. 2011); *In re Lindsey*, 582 F.3d 1173, 1175-76 (10th Cir. 2009); *Brooks v. United States*, Crim. No. 02-92, Civ. No. 05-163, 2014 WL 2481824, at *4-5 (S.D.W. Va. June 3, 2014); *Soto-Herrera v. United States*, Crim. No. 95-79, 2013 WL 1788499, at *6 (S.D. Ala. Apr. 26, 2013); *Rivera v. United States*, Crim. No. 89-346, Civ. No. 94-951, 2012 WL 1887133, at *2 (S.D.N.Y. May 21, 2012).

In *In re Lindsey*, for example, the district court had dismissed Lindsey's § 2255 petition without conducting an evidentiary hearing after finding that he was not entitled to relief.  582 F.3d at 1174.  Lindsey then brought a Rule 60(b) motion in which "he alleged that his § 2255 claims were deserving of an evidentiary hearing, and it was error to dismiss the motion without holding such a hearing."  *Id.*  The district court found that the Rule 60(b) motion was actually a second or successive habeas petition requiring authorization from the court of appeals.  *Id.*  The Tenth Circuit affirmed, finding that the claim based upon the failure to hold an evidentiary hearing failed to raise a permissible

- 8 -

Rule 60(b) argument. *Id.* at 1175. First, the court found that Lindsey's motion did not challenge "a procedural ruling **which precluded a merits determination**," because "the district court's decision not to hold an evidentiary hearing did not preclude a merits determination on Mr. Lindsey's § 2255 motion; it was the **result** of a merits determination." *Id.* at 1175 (alteration omitted) (emphasis in original) (internal quotation marks omitted). The court also concluded that the motion was not an appropriate Rule 60(b) "challenge to a defect in the integrity of the federal habeas proceeding" because the challenge in Lindsey's motion led "inextricably to a merits-based attack on the dismissal of the § 2255 motion." *Id.* (internal quotation marks omitted). Specifically, the court reasoned:

> The decision not to hold an evidentiary hearing essentially is the equivalent of a dismissal for failure to state a claim or a summary judgment, because the district court has concluded that the record does not entitle the prisoner to relief; either the prisoner has failed even to allege facts on which relief could be predicated, or the record conclusively contradicts the prisoner's allegations. Thus, there could be no error in denying an evidentiary hearing unless the district court made an incorrect merits determination. It follows that, to argue that the court erred in denying an evidentiary hearing on a § 2255 motion, the prisoner generally has to be attacking the district court's analysis of the merits.

*Id.* at 1175-76. Therefore, the court concluded that Lindsey's Rule 60(b) motion was actually a second or successive habeas petition. *Id.* at 1176.

In the context of ineffective assistance of counsel claims, courts have similarly concluded that Rule 60(b) motions which challenge the court's failure to hold an evidentiary hearing are often premised on a challenge to the court's determination of the merits, and are therefore second or successive petitions. *See Brooks*, 2014 WL 2481824

at *2, *6 (explaining in the context of a Rule 60(b) motion to reconsider a § 2255 petition based on ineffective assistance of counsel in which the prisoner argued that reconsideration was warranted in light of *Missouri v. Frye* and *Lafler v. Cooper* that the prisoner's "criticism of the court's decision to forgo an evidentiary hearing . . . is so intertwined with his challenge to the correctness of the court's determination, that his motion cannot honestly be viewed as a legitimate Rule 60(b) motion"); *Blackwell v. United States*, Civ. No. 99-1687, 2009 WL 3334895, at *4-5 (E.D. Mo. Oct. 14, 2009) (concluding that a challenge to the court's failure to hold an evidentiary hearing on an ineffective assistance of counsel claim was a second or successive petition because the court's decision not to hold a hearing was "inextricably" intertwined with the merits determination).

Livingstone's present motion raises issues almost identical to those dealt with by the court in *Soto-Herrera v. United States*, in which Soto-Herrera brought a § 2255 petition based on ineffective assistance of counsel, arguing that "he received deficient or defective advice from his trial attorney with regard to the Government's plea offer," that he went to trial based on this advice and received a mandatory life sentence, and that "absent counsel's deficient advice to accept the plea or proceed to trial . . . he would never have exposed himself to a potential – much less mandatory – life sentence."  2013 WL 1788499 at *2 (internal quotation marks omitted).  The court denied his § 2255 petition without an evidentiary hearing concluding that

> Petitioner makes no assertion that he would have accepted the government's plea offer . . . .  Consequently, Petitioner has not established prejudice with respect to his counsel's advice.  He does not allege that but

> for his attorney's alleged errors, he would have accepted the plea offer; he
> cites no evidence to indicate that prior to his conviction he expressed any
> desire to plead guilty . . . . [H]is after the fact testimony concerning his
> desire to plead, without more, is insufficient to establish that but for
> counsel's alleged advice or inaction, he would have accepted the plea offer.

*Id.* at *5 (internal quotation marks omitted). Soto-Herrera then brought a Rule 60(b) motion challenging, among other things, the court's failure to hold an evidentiary hearing. *Id.* at *2. The court concluded that this challenge was actually a second or successive habeas petition because "a determination of entitlement to an evidentiary hearing would also seem to necessitate a determination of the merits of a petitioner's claims, thus rendering an attack on the former an attack on the latter as well" and the court's ruling on the § 2255 petition "clearly reflects a decision to deny an evidentiary hearing on the plea advice claim that was the result of a merits determination – that is, the conclusion that the record did not entitle the prisoner to relief because the prisoner has failed even to allege facts on which relief could be predicated." *Id.* at *3, *6 (alterations, emphasis, and internal quotation marks omitted).

In his present Rule 60(b) motion, Livingstone argues that the Court erred when it decided his ineffective assistance of counsel claim raised in his § 2255 petition without holding an evidentiary hearing, and credited Reed's affidavit over Livingstone's affidavit. As explained above, the Court denied Livingstone's § 2255 petition finding that he had failed to demonstrate prejudice, because there was nothing in the record suggesting that Livingstone would have pled guilty even if Reed had advised him to accept the plea. The Court also rejected the assertions in Livingstone's affidavit as unsupported and largely contradicted by the record. The Court's decision to deny the evidentiary hearing was

therefore inextricably linked to its determination on the merits – that Livingstone had failed to present evidence entitling him to relief.  Accordingly, Livingstone's present motion which challenges that decision is an improper second or successive attack on the Court's previous determination of the merits of his § 2255 petition.  *See United States v. Cook*, Crim. No. 06-183, 2014 WL 186864, at *4 (E.D. Ky. Jan. 16, 2014) (finding a Rule 60(b) motion to be a second or successive petition where "Cook argues that the Court should have held an evidentiary hearing" and "contends that the Court erred in making the decision to trust the affidavit from trial counsel," explaining that "Cook is not attacking the integrity of the § 2255 proceedings . . . . Rather, Cook simply disagrees with the Court's decision on the merits . . . . Cook believes that the facts entitle him to relief, and he disagrees with the Court's decision to credit trial counsel's affidavit.  Under *Gonzales*, Cook's attack on the Court's prior merits determination qualifies as a 'claim.'" (alteration and internal quotation marks omitted)).  Because Livingstone's Rule 60(b) motion is actually a second or successive petition, and Livingstone has not received permission from the Eighth Circuit to bring such a petition, the Court will deny the motion.  *See Boyd*, 304 F.3d at 814.[2]

---

[2] The Court will also deny the present motion to the extent it is based upon Livingstone's argument that a defect in the proceedings occurred when the Court failed to liberally construe his second Rule 60(b) motion.  "Relief under Rule 60(b) is limited" and the Court will grant such a motion "only upon an adequate showing of exceptional circumstances."  *Richards v. Aramark Servs., Inc.*, 108 F.3d 925, 927 (8th Cir. 1997) (internal quotation marks omitted); *see also Gonzalez*, 545 U.S. at 536 (noting that relief under Rule 60(b)(6) in the context of habeas proceedings "requires a showing of 'extraordinary circumstances'").  "Rule 60(b) is a motion grounded in equity and exists to prevent the judgment from becoming a vehicle of injustice."  *Harley v. Zoesch*, 413 F.3d 866, 870 (8th Cir. 2005) (internal quotation marks omitted).  Even if a

(Footnote continued on next page.)

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Livingstone's Pro Se Motion for Relief From Judgment [Docket No. 147] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:   October 10, 2014                              s/ John R. Tunheim
at Minneapolis, Minnesota.                          JOHN R. TUNHEIM
                                             United States District Judge

---

(Footnote continued.)

Rule 60(b) motion based upon failure to liberally construe a prisoner's filing was not a second or successive petition, the Court concludes that relief under Rule 60(b) would not be warranted because the Court cured any deficiency in the prior proceeding by affording Livingstone another opportunity to seek Rule 60(b) relief in the present motion.  Therefore, any previous failure to liberally construe Livingstone's pleadings does not present the extraordinary circumstances necessary to obtain Rule 60(b) relief.