## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 06-56 (JRT/AJB) |
| Plaintiff, | **MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE** |
| v. | |
| LEVI AKAI LIVINGSTONE, | |
| Defendant. | |

Thomas M. Hollenhorst, Assistant United States Attorney, **UNITED STATES ATTORNEY'S OFFICE**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN  55415, for Plaintiff.

Levi Akai Livingstone, Reg. No. 12673-041, USP Pollock, United States Penitentiary, P.O. Box 4050, Pollock, LA  71467, *pro se*.

On May 4, 2007, Levi Akai Livingstone was convicted of conspiracy to distribute fifty grams or more of actual methamphetamine, distribution of five grams or more of actual methamphetamine, and two counts of aiding and abetting the distribution of five grams or more of actual methamphetamine.  On September 29, 2008, the Court sentenced Livingstone to a 216-month term of imprisonment.  Livingstone now moves this Court to reduce his sentence under 18 U.S.C. § 3582(c)(2), arguing that amendments to the sentencing guidelines should be applied retroactively to his sentence.  Because the amendments do not alter Livingstone's base offense level or sentencing guideline range, the Court will deny Livingstone's motion to reduce sentence and motion to reconsider.

# BACKGROUND

On April 16, 2007, the United States charged Livingstone with conspiracy to distribute fifty grams or more of actual methamphetamine, distribution of five grams or more of actual methamphetamine, and two counts of aiding and abetting the distribution of five grams or more of actual methamphetamine.  (Second Superseding Indictment, Apr. 16, 2007, Docket No. 51.)  Following a jury trial, Livingstone was convicted on all four counts.  (Jury Verdict, May 4, 2007, Docket No. 77.)

At Livingstone's sentencing hearing on September 29, 2008, the Court acknowledged a "level of uncertainty" as to the quantity of methamphetamine attributable to Livingstone.  (Sentencing Tr. at 7, Feb. 3, 2009, Docket No. 103.)  But, unable to find fault with the probation office's work, the Court overruled Livingstone's objection to the drug quantity and adopted the probation office's estimate that Livingstone was accountable for 13.28 kilograms of actual methamphetamine.  (*See id.* at 7, 10.)  The Court noted that this was "a relatively conservative estimate," considering the large amount of drugs involved in the overall conspiracy, as well as the length of time the conspiracy lasted.  (*Id.* at 7.)  This amount triggered a base offense level of 38.  (*Id.* at 10.)  The Court then applied a two-level enhancement under U.S.S.G. § 2D1.1(b)(1) for possession of firearms, creating a total base offense level of 40.  (*Id.*)  The Court also found that Livingstone's criminal history score placed him in category V.  (*Id.*)  These scores, taken together, resulted in a guideline range of 360 months to life.  (*Id.*)

The Court then granted Livingstone's motion for a downward departure, finding that criminal history category V substantially overstated Livingstone's criminal history.

(*Id.* at 18.)  The Court found that a criminal history category of II was more appropriate, which resulted in a guideline range of 324 to 405 months.  (*Id.* at 18-19.)  The Court also granted a variance under 18 U.S.C. 3553(a) and sentenced Livingstone to 216 months in prison, 108 months below the guideline range, on each count of the second superseding indictment to run concurrently.  (*Id.*; Am. J., Oct. 14, 2008, Docket No. 92.)  The Court explicitly considered the uncertainty as to the amount of drugs attributable to Livingstone the variance determination.  (*Id.* at 19.)

In April 2014, the United States Sentencing Commission voted to amend the Drug Quantity Table, U.S.S.G. § 2D1.1, reflecting a 2-level reduction in the base offense level of each drug on the Drug Quantity Table.  *See* Amendments to the Sentencing Guidelines (U.S. Sentencing Comm'n 2014).  The Commission also unanimously voted to give retroactive effect to the new guideline range.  U.S. Sentencing Guidelines Manual, Suppl. to App. C 86 (U.S. Sentencing Comm'n 2015).

Livingstone filed a motion to reduce his sentence, arguing that his new guideline range would be 262-327 months, and that the Court should apply a 108-month variance – as it did to his original guideline range – for a sentence of 154 months.  (Mot. to Reduce Sentence at 2, 14, 20, Jan. 20, 2015, Docket No. 151.)  The United States opposes, arguing that the original guideline range still applies.  Livingstone also filed a motion to reconsider.  (Mot. to Reconsider, Oct, 29, 2015, Docket No. 152.)  Livingstone filed his motion to reconsider before this Court reviewed his original motion to reduce sentence and makes the same arguments in both motions; accordingly, the Court will rule on both motions.

## DISCUSSION

"[A] defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)" may petition the Court for a reduction.  18 U.S.C. § 3582(c)(2).  In deciding such a motion, the Court "must first determine that a reduction is consistent with [U.S.S.G.] § 1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)."  *Dillon v. United States*, 560 U.S. 817, 826 (2010).  In other words, a court first determines "the prisoner's eligibility for a sentence modification and the extent of the reduction authorized."  *Id.* at 827.  Next, the court "consider[s] any applicable § 3553(a) factors and determine[s] whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case."  *Id.*

Amendment 782 to the United States Sentencing Guidelines, effective November 1, 2014, reduced the base offense level for most drug quantities by two levels under U.S.S.G. § 2D1.1.  The amendment reduced the base offense level for possession of at least 1.5 kilograms, but less than 4.5 kilograms of actual methamphetamine to 36.  U.S.S.G. § 2D1.1(c)(1).  However, the amendment did not reduce the base offense level for possession of 4.5 kilograms or more of actual methamphetamine, which remained at 38.  *Id.* § 2D1.1(c)(2).  Livingstone argues that he was only found accountable for 1.5 kilograms of actual methamphetamine.  (Mot. to Reduce Sentence at 2.)  The Court

acknowledged a level of uncertainty as to the quantity of methamphetamine Livingstone was accountable for, and stated that it would take this into account in granting a variance. But, the Court adopted the findings of the probation office, which stated that Livingstone was accountable for 13.28 kilograms of actual methamphetamine. Livingstone is therefore accountable for more than 4.5 kilograms of actual methamphetamine, and as such, the base offense level for his crime remains at 38. Thus, the amendments do not change Livingstone's sentencing guideline range, and he is therefore ineligible for a reduced sentence.

Even if Livingstone were eligible for a base offense level reduction to 36, he would not be eligible for relief under Amendment 782. Under U.S.S.G. § 1B1.10(b)(2)(A), "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range." With a base offense level of 36, the two level adjustment for possession of a firearm, and the adjusted criminal history category of II, Livingstone's new guideline range would have been 262 to 327 months of imprisonment. Livingstone's original sentence of 216 months is 46 months below this new minimum guideline range, so Amendment 782 does not afford Livingstone relief.

For these reasons, the Court finds that Livingstone is ineligible for a sentence modification under 18 U.S.C. § 3582(c)(2). Because Livingstone is ineligible for a sentence modification, the Court need not consider any applicable factors under 18 U.S.C. § 3553(a) to determine whether a reduction is warranted under the particular circumstances of the case.

- 6 -

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Livingstone's Motion for a Reduced Sentence [Docket No. 151] is **DENIED.**

2. Livingstone's Motion to Reconsider [Docket No. 152] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: July 27, 2016  
at Minneapolis, Minnesota.

                                                 JOHN R. TUNHEIM  
                                                      Chief Judge  
                                         United States District Court